# **EXHIBIT 6**

Declaration of
Trey A. Rothell

**UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA**

| | |
|---|---|
| AMA MULTIMEDIA, LLC, a Nevada limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>BORJAN SOLUTIONS, S.L. d/b/a SERVIPORNO, a Spanish company; and BORJAN MERA URRESTARAZU, an individual,<br><br>Defendants. | Case No.: 2:15-cv-01673-JCM-GWF<br><br>**DECLARATION OF TREY A. ROTHELL IN SUPPORT OF MOTION TO COMPEL ARBITRATION** |

I, TREY A. ROTHELL, declare:

1. I am over 18 years of age and have never been convicted of a crime involving fraud or dishonesty. I am employed as a paralegal for Randazza Legal Group, PLLC. I have first hand knowledge of the facts set forth herein, and if called as a witness, could and would testify competently thereto.

2. On or about the date of July 21, 2015, I first spoke with ADR Services, Inc. ("ADR") Manager Haward Cho via telephone.

3. Prior to that date, I had familiarized myself with the ADR Arbitration Rules; I called Mr. Cho to clarify the procedure for submitting the matter to arbitration.

4. During my conversations with Mr. Cho prior to Plaintiff submitting the demand for arbitration, Mr. Cho indicated that because ADR's rules were not explicitly incorporated into the settlement agreement

|   |   |   |
|---|---|---|
| 1 |  | between the parties, ADR would only accept the matter for arbitration if both parties consented to the arbitration or if a court ordered the arbitration. |
| 4 | 5. | Mr. Cho stated to me that Plaintiff AMA should follow the regular course of submitting a demand for arbitration and, if the respondents cooperate, the arbitration would commence. |
| 7 | 6. | Based on ADR Arbitration Rules and my conversations with Mr. Cho, on August 3, 2015, I transmitted AMA's Demand for Arbitration and Arbitration Complaint to ADR; I contemporaneously mailed a copy to Mr. Gurvits. A true and correct copy of the Demand for Arbitration and Arbitration Complaint is attached to the Motion to Compel Arbitration filed herewith as *Exhibit 5*. |
| 13 | 7. | On August 11, 2015, I called Mr. Cho to ask whether or not ADR had received the Demand for Arbitration and Arbitration Complaint. Mr. Cho stated that he had received the demand and that he would reach out to counsel for the respondents that day. |
| 17 | 8. | On August 18, 2015, I telephoned Mr. Cho to inquire as to the status of the arbitration demand. |
| 19 | 9. | Mr. Cho again stated that the arbitration would only commence with the consent of all the parties and that to-date, he had been unable to get in contact with the attorney for the respondents, Val Gurvits. |
| 23 | 10. | Mr. Cho further stated to me that in light of the fact that he left multiple telephone messages for Mr. Gurvits, and that Mr. Gurvits had not responded to any of Mr. Cho's telephone calls, he believed that Mr. Gurvits was intentionally ignoring him. |

- 2 -
Motion to Compel Arbitration
2:15-cv-01673-JCM-GWF

11. On August 20, 2015, I received a document from Mr. Gurvits via FedEx at the office of Randazza Legal Group entitled "Respondents' Motion to Dismiss Arbitration for Complainant's Failure to Meet Conditions Precedent to the Filing of Arbitration and for the Award of Contractual Attorney's Fees."

12. The transmittal letter indicated that the Motion had been transmitted on August 19, 2015.

13. Upon receiving the document, I attempted to contact Mr. Cho in order to inquire about the status of the arbitration.

14. I was finally able to contact Mr. Cho via telephone on August 25, 2015. At that time, Mr. Cho stated to me that since the respondents were not cooperating with or participating in the arbitration, ADR would not submit the matter to an arbitrator.

I declare under penalty of perjury under the laws of the State of Nevada that the foregoing is true and correct.

Executed on January 6, 2016 at Las Vegas, Nevada.

Trey A. Rothell