# EXHIBIT 7

ADR Services, Inc.
Arbitration Rules

# EXHIBIT 7

ADR Services, Inc.
Arbitration Rules



# ARBITRATION RULES

### 1. Agreement of Parties

The parties shall be deemed to have made these rules a part of their arbitration agreement whenever they have provided for arbitration by ADR Services, Inc. (hereinafter ADR Services) under its Standard Arbitration Rules or for arbitration by ADR Services of a domestic commercial dispute without specifying particular rules. These rules and any amendment of them shall apply to the form in effect at the time the demand for arbitration or submission agreement is received by ADR Services. The parties, by written agreement, may vary the procedures set forth in these rules. The term "Party" as used in these Rules includes parties to the arbitration and their counsel or representative.

### 2. Procedural Modifications

The arbitral authority of ADR Services is as set forth in the agreement of the parties and in these rules, and may be carried out through ADR Services' representatives as it may direct. The parties may agree on any procedures not specified in these rules that are consistent with the applicable law and ADR Services policies. The parties shall promptly notify the ADR Services Case Manager of any such party-agreed procedures and shall confirm such procedures in writing. The party-agreed procedures shall be enforceable as if contained in these rules.

### 3. Amendment of Rules

ADR Services may amend these rules without notice. If the parties have agreed to use these rules by contract or stipulation, the rules in effect on the date of the commencement (see Rule 5 below) of an arbitration shall apply to that arbitration, unless the parties have specified another earlier version of the rules.

### 4. Conflict with Law and Severability

If any of these rules, or a modification of these rules agreed on by the parties, is determined by the arbitrator to be in conflict with applicable law, the provision of law will govern, and no other rule will be affected.

### 5. Commencing an Arbitration

A) An arbitration may be commenced by demand or by submission, together with a nonrefundable initial filing fee of $300. A demand occurs when a party to a contract with an arbitration clause that names ADR Services or these rules serves a written Demand for Arbitration concurrently on ADR Services and the opposing party(ies). This form is available through ADR Services via fax or on its web site at www.adrservices.org.

1. The initiating party (the "claimant") shall, within the time period, if any, specified in the contract(s), give to the other party (the "respondent") written notice of its intention to arbitrate (the "demand"), which demand shall contain a statement setting forth the nature of the dispute, the names and addresses of all other parties, the amount involved, if any, the remedy sought, and the hearing locale requested. The claimant shall file at any office of ADR Services a copy of the demand and a copy of the arbitration provisions of the contract. ADR Services shall confirm notice of such filing to the parties.

2. A respondent may file an answering statement and a statement of any affirmative defenses or assert counter claims with ADR Services within 15 calendar days after ADR Services sends a Commencement Letter confirming the filing of the demand. The respondent shall, at the same time of any such filing, send a copy of the answering statement, a statement of affirmative defenses or a counterclaim to the claimant. If a counterclaim is asserted, it shall contain a statement setting forth the nature of the counterclaim, the amount involved, if any, and the remedy sought. Within 15 calendar days of service of a counter claim, a claimant

       may submit to ADR Services and serve on other parties a response to such counterclaim. If no answering statement is filed within the stated time, respondent will be deemed to deny the claim or counterclaim and consent to arbitration. ADR Services reserves the right to extend the deadline for filing of an answering statement or a counterclaim upon a written request of the respondent. Failure to file an answering statement shall not operate to delay the arbitration.

  B)  An arbitration may be *jointly* commenced via submission (stipulation) in the following manner:

    1.  The submission to ADR Services of a post-dispute arbitration agreement fully executed by all parties that specifies ADR Services administration or use of any ADR Services rules; or

    2.  The oral agreement of all parties to participate in an arbitration administered by ADR Services or conducted pursuant to any ADR Services rules, confirmed in writing by all parties; or

    3.  By filing at any office of ADR Services a copy of a written submission to arbitrate under these rules, signed by all parties. It shall contain a statement of the nature of the dispute, the names and addresses of all parties, any claims and counterclaims, the amount involved, if any, the remedy sought, and the hearing locale requested. Unless the parties state otherwise in the submission, all claims and counterclaims will be deemed to be denied by the other party; or

    4.  A court order compelling arbitration at ADR Services.

  C)  A Commencement Letter shall be sent by ADR Services to confirm that one of the above requirements for commencement has been met. The date of commencement of the arbitration is the date of the commencement letter.

**6. Changes of Claim**

After filing a claim, if either party desires to make any new or different claim or counterclaim, it shall be made in writing and filed with ADR Services. The party asserting such a new or different claim or counterclaim shall provide a copy to the other party, who shall have 15 days from the date of such transmission within which to file an answering statement with ADR Services. If no answering statement is filed, the respondent will be deemed to have denied the claim. After the arbitrator is appointed, however, no new or different claim may be submitted except with the arbitrator's consent.

**7. Jurisdiction**

Unless the issue of arbitrability has been previously determined by the court, the arbitrator shall have the power to rule on his or her own jurisdiction, including any objections with respect to the existence, scope or validity of the arbitration agreement. In addition, the arbitrator shall have the power to determine the existence or validity of a contract of which an arbitration clause forms a part. Such an arbitration clause shall be treated as an agreement independent of the other terms of the contract. A decision by the arbitrator that the balance of the contract is void shall not for that reason alone render invalid the arbitration clause. A party must object to the jurisdiction of the arbitrator or to the arbitrability of a claim or counterclaim no later than the filing of the answering statement to the claim or counterclaim that gives rise to the objection. The arbitrator may rule on such objections as a preliminary matter or as part of the final Award.

**8. Administrative Conference**

ADR Services may, at its discretion, choose to conduct an Administrative Conference with the Parties by telephone. The administrative conference may occur within fourteen (14) calendar days after the date of commencement of the arbitration. During the conference, a member of ADR Services management can

answer any questions regarding these rules and may discuss procedural matters such as the pleading or notice of claim sequence, arbitrator selection, the preliminary conference process, the expectations of the parties as to the length of the arbitration hearing, and the parties may agree to a date for the hearing subject to arbitrator availability.

Unless the parties agree otherwise, if the administrative conference does not take place within the time specified above, ADR Services shall proceed with the arbitrator selection process and may make other determinations as necessary such as fixing a locale for a hearing, etc. ADR Services may convene, or the parties may request, additional administrative conferences. The parties shall contact the case manager with regard to applicable fees, if any, in connection with the administrative conference.

### 9. Fixing of Locale

The parties should mutually agree on the locale where the arbitration is to be held. If any party requests that the hearing be held in a specific locale and the other party files no objection thereto within 15 days after notice of the request has been sent to it by ADR Services, the locale shall be the one requested. If a party promptly objects to the locale requested by the other party, ADR Services shall have the power to determine the locale, and its decision shall be final and binding.

### 10. Arbitrator Selection and Appointment

Arbitrations shall be conducted by one neutral arbitrator unless all Parties agree otherwise. In cases involving more than one arbitrator, the Parties shall agree on a neutral arbitrator who shall serve as chairperson for the panel or, in the absence of agreement, ADR Services shall designate the chairperson of the arbitration panel. If the parties and the arbitrator agree, the chairperson may, acting alone, decide discovery and procedural matters.

If the agreement of the parties names an arbitrator or specifies a method of appointing an arbitrator, that designation or method shall be followed. The notice of appointment, with the name and address of the arbitrator, shall be filed with ADR Services by the appointing party. If the agreement specifies a period of time within which an arbitrator shall be appointed and any party fails to make the appointment within that period, ADR Services shall make the appointment. If no period of time is specified in the agreement, ADR Services shall notify the parties to make the appointment. If within 15 days after such notice has been sent, an arbitrator has not been appointed by a party, ADR Services shall make the appointment.

Unless the Arbitrator has been previously selected by agreement of the parties, the case manager at the administrative conference may attempt to facilitate agreement among the parties regarding selection of the arbitrator. If the parties have not appointed an arbitrator and have not provided any other method of appointment, the arbitrator shall be appointed in the following manner:

- A) Following the filing of the submission to arbitration or the answering statement or the expiration of the time within which the answering statement is to be filed, ADR Services shall send simultaneously to each party to the dispute an identical list of names of persons chosen from the panel. The list shall contain a minimum of ten (10) names. The parties are encouraged to agree to an arbitrator from the submitted list and to advise ADR Services of their agreement.

- B) If the parties are unable to agree upon an arbitrator, each party to the dispute shall have fifteen (15) business days from the transmittal date of the list of arbitrators in which to strike up to three names objected to, number the remaining names in order of preference, and return the list to ADR Services. If a party does not return the list within the time specified, all persons named therein shall be deemed acceptable. If the parties fail to agree on any of the persons named, ADR Services shall appoint the arbitrator that was most acceptable to the parties as indicated by their preferences. If the acceptable arbitrator(s) are unable to act, or if for any other reason the appointment cannot be made from the submitted lists, ADR Services shall have the power to make the appointment from among other members of the panel without the submission of additional lists.

C) Entities whose interests are not adverse with respect to the issues in dispute shall be treated as a single party for purposes of the arbitrator selection process. ADR Services shall determine whether the interests between entities are adverse for purposes of arbitrator selection, considering such factors as whether the entities are represented by the same attorney and whether the entities are presenting joint or separate positions at the arbitration.

D) Any disclosures required by law to be made by a selected arbitrator shall be made within ten (10) calendar days from the notice of the proposed nomination or appointment. The parties have fifteen (15) calendar days after the service of the proposed arbitrator's disclosure statement to object to the appointment of the arbitrator based upon the disclosures made. If no written objection is received by ADR Services within that time frame, it is considered waived.

E) At any time before the conclusion of the arbitration proceeding, a party may challenge the continued service of an arbitrator on any of the "judicial-type" grounds listed in C.C.P. Section 170.1. The challenge must be based upon information that was not available to the parties at the time the arbitrator was selected. A challenge for cause must be in writing and exchanged with opposing parties who may respond within seven (7) days of service of the challenge.

**11. Notice of Appointment and Disclosures**

Notice of the appointment of the neutral arbitrator, whether the appointment has been made by contract, mutually by the parties or by ADR Services, shall be sent to the arbitrator by ADR Services, together with a copy of these rules prior to the opening of the first hearing. Pursuant to the relevant code sections in force at the time of the appointment of the arbitrator, any person appointed as a neutral arbitrator shall disclose to ADR Services any circumstance likely to affect his or her impartiality or independence. Upon receipt of such information from the arbitrator or another source, ADR Services shall communicate the information to the parties and, if it deems it appropriate to do so, to the arbitrator and others.

Upon objection of a party to the continued service of a neutral arbitrator, ADR Services shall refer the matter to the Court for determination, which shall be conclusive.

**12. Service**

Service under these rules is accomplished by providing one copy of the document with original signatures to each party and one copy to the case manager on behalf of the arbitrator. Service may be made by hand-delivery, overnight delivery service or U.S. mail. Service by any of these means is considered effective upon the date of deposit of the document. Service by facsimile transmission is considered effective upon transmission, but only if followed within one week of delivery by service of an appropriate number of copies and originals by one of the other service methods described above. When the method of service is by the U.S. Mail only, three (3) calendar days shall be added to the prescribed period and five (5) calendar days for mail outside of California. The Award shall be served by certified mail.

Unless otherwise instructed by ADR Services or by the arbitrator, any documents submitted by any party to ADR Services or to the arbitrator shall simultaneously be provided to the other party or parties to the arbitration.

**13. Attendance at Hearings and Representation**

The arbitrator and ADR Services shall maintain the privacy of the hearings unless the law provides to the contrary. Any party or representative having a direct interest in the arbitration is entitled to attend hearings. The arbitrator shall otherwise have the power to require the exclusion of any witness, other than a party or other essential person, during the testimony of any other witness. It shall be discretionary with the arbitrator to determine the propriety of the attendance of any other person other than a party and his/her/its representatives.

The Parties may be represented by counsel or represent themselves. Each party shall give prompt written notice to the case manager and the other parties of the name, address and telephone and fax numbers of his/her/its representative. The representative of a party may act on the party's behalf in complying with these rules.

### 14. Withdrawal from Arbitration

No party may terminate or withdraw from an arbitration after the appointment of the arbitrator except by written agreement of all parties to the arbitration. A party that asserts a claim or counterclaim may unilaterally withdraw that claim or counterclaim without prejudice by serving written notice on the other Parties and on the Arbitrator. However, the opposing Parties may, within fifteen (15) calendar days of service of notice of the withdrawal of the claim or counterclaim, request that the Arbitrator order that the withdrawal be with prejudice.

### 15. Communication with the Arbitrator

No party and no one acting on behalf of any party shall communicate unilaterally (*ex parte*) concerning the arbitration with a neutral arbitrator or a candidate for neutral arbitrator. Any necessary *ex parte* communication with ADR Services, whether before, during or after the arbitration hearing, shall be conducted through the case manager.

### 16. Preliminary Hearing

At the request of any party or at the discretion of the arbitrator or ADR Services, the arbitrator may schedule as soon as practicable, but not to exceed 60 days from the appointment of the arbitrator(s), a preliminary hearing with the parties and/or their representatives. The preliminary hearing may be conducted by telephone at the arbitrator's discretion. During the preliminary hearing, the parties and the arbitrator should discuss such issues as the future conduct of the case, including clarification of the issues, document exchange, a schedule for the hearings, discovery, the form of the Award, the length of the arbitration, and any other preliminary matters.

### 17. Exchange of Information

The parties shall cooperate in good faith in the voluntary, prompt and informal exchange of all non-privileged documents and other information relevant to the dispute or claim. Either party shall within 15 days of receipt of the notice of hearing have the right to demand in writing, served personally or by registered or certified mail, that the other party provide a list of witnesses it intends to call designating which witnesses will be called as expert witnesses and a list of documents it intends to introduce at the hearing provided that the demanding party provides such lists at the time of its demand. A copy of such demand and the demanding party's lists shall be served on the arbitrator. Said lists shall be served on the demanding party and the arbitrator pursuant to Rule 12 above fifteen (15) days following the receipt of the demand. The parties must identify which documents that are being withheld under the privilege doctrine. The arbitrator may modify these obligations at the preliminary conference.

All of the provisions of C.C.P. Section 1283.05 shall be conclusively deemed to be incorporated into, made a part of, and shall be applicable to, every agreement to arbitrate any dispute, controversy, or issue arising out of or resulting from any injury to, or death of, a person caused by the wrongful act or neglect of another.

The arbitrator shall have the authority to order such discovery, by way of deposition, interrogatory, document production, or otherwise, as the arbitrator considers necessary to a full and fair exploration of the issues in dispute, consistent with the expedited nature of arbitration.

With respect to arbitration of employment claims, the parties are entitled to discovery sufficient to adequately arbitrate their claims, including access to essential documents and witnesses, as determined by the arbitrator(s).

The parties shall attempt to agree on the time, location and duration of the deposition(s), and if the parties do not agree these issues shall be determined by the arbitrator.

Documents that have not been previously exchanged, or witnesses and experts not previously identified, may not be considered by the arbitrator at the hearing, unless agreed by the parties or upon a showing of good cause.

The Parties shall promptly notify the case manager when an unresolved dispute exists regarding discovery issues. The case manager shall arrange a conference with the arbitrator, either by telephone or in person, and the arbitrator shall decide the dispute.

**18. Interim Measures and Motions for Summary Adjudication of a Claim or Issue**

The arbitrator may take whatever interim measures he or she deems necessary, including injunctive relief and measures for the protection or conservation of property and disposition of perishable goods. Such interim measures may take the form of an interim Award, and the arbitrator may require security for the costs of such measures. A request for interim measures addressed by a party to a judicial authority shall not be deemed incompatible with the agreement to arbitrate or a waiver of the right to arbitrate.

A party or representative of a party may make a motion for summary adjudication of a particular claim or issue to be decided by the arbitrator either by agreement of all interested parties or at the request of one party. The case manager shall facilitate the parties' agreement on a briefing schedule and record for the motion. If no agreement is reached, the arbitrator shall set the briefing and hearing schedule and contents of the record.

**19. Mediation**

At any stage of the proceedings, the parties may agree to conduct a mediation conference under the Standard Mediation Rules in order to facilitate settlement. Generally, the mediator should not be an arbitrator appointed to the case unless the parties so agree. Where the parties to a pending arbitration agree to mediate under ADR Services' rules, no additional administrative fee is required to initiate the mediation.

**20. Date, Time, and Place of Hearing**

After consulting with the parties, the arbitrator shall determine the date, time and place of the hearing. The arbitrator and the parties shall attempt to schedule consecutive hearing days if more than one day is necessary. If a party has failed to answer a claim and the arbitrator reasonably believes that the party will not participate in the hearing, the arbitrator may set the hearing without consulting with that party. The non-participating party shall be served with a Notice of Hearing at least thirty (30) calendar days prior to the scheduled date.

**21. Stenographic Record**

Any party desiring a stenographic record shall make arrangements directly with a stenographer and shall notify the other parties of these arrangements at least five days in advance of the hearing. The requesting party or parties shall pay the cost of the record. If the transcript is agreed by the parties, or determined by the arbitrator to be the official record of the proceeding, it must be provided to the arbitrator and made available to the other parties for inspection, at a date, time, and place determined by the arbitrator.

**22. Postponement of Arbitration Hearing**

The arbitrator may postpone any hearing upon agreement of the parties, upon request of a party for good cause shown, or upon the arbitrator's own initiative.

**23. Arbitration in the Absence of a Party or Representative**

Unless the law provides to the contrary, if a party fails or refuses to appear or participate in the arbitration, or in any portion of the arbitration, after having been given notice and opportunity to participate by: (1) failing to participate in arbitrator selection, or (2) failing to pay arbitration costs or fees, or (3) failing to respond to the arbitration demand, or (4) failing to appear at hearings, the arbitration may proceed and the arbitrator may render a final Award on the basis of the evidence presented by the participating party. An award rendered under such circumstances is valid and enforceable as if all parties had participated fully.

**24. Pre-Hearing Submissions**

Subject to any schedule adopted in the Preliminary Hearing, the parties shall exchange a list of the witnesses they intend to call, including any experts and a list all exhibits intended to be used at the Hearing and exchange copies of such exhibits to the extent that any such exhibit has not been previously exchanged. The parties should pre-mark exhibits and shall attempt themselves to resolve any disputes regarding the admissibility of exhibits prior to the hearing. All documents should also be provided to ADR Services for transmission to the arbitrator, whether or not the parties have stipulated to the admissibility of all such documents.

The arbitrator may require that each party simultaneously submit an arbitration brief, including summaries of the facts and evidence a party intends to present, discussion of the applicable law and the basis for the requested Award or denial of relief sought. The briefs, which may be in the form of a letter, shall be filed with ADR Services and served upon the other Parties, at least five (5) calendar days before the hearing date unless agreed otherwise at the preliminary hearing.

**25. Securing Witnesses and Documents for the Arbitration Hearing**

The Arbitrator may issue subpoenas for the attendance of witnesses or the production of documents pursuant to C.C.P Section 1282.6. In the event a party or a subpoenaed person objects to the production of a witness or other evidence, that party or person may file an objection with the arbitrator, who will promptly rule on the objection, weighing both the burden on the producing party and the need of the proponent for the witness or other evidence.

**26. The Arbitration Hearing**

   a. The arbitrator shall conduct the hearing in accordance with these rules. The arbitrator may vary these procedures if it is determined reasonable and appropriate to do so.

   b. The arbitrator shall determine the order of proof. Normally, the claimant shall present evidence to support his/her/its claim. The respondent shall then present evidence to support his/her/its defense. Witnesses for each party shall also submit to questions from the adverse party. The arbitrator has the discretion to vary this procedure, provided that the parties are treated with equality and that each party has the right to be heard and is given a fair opportunity to present his/her/its case.

   c. The arbitrator, exercising his or her discretion, shall conduct the proceedings with a view to expediting the resolution of the dispute and may direct the order of proof, bifurcate proceedings, direct the parties to focus their presentations on issues the decision of which could dispose of all or part of the case, and call and examine witnesses.

   d. Strict conformity to the rules of evidence is not required, except that the arbitrator shall apply applicable law relating to privileges and work product. The arbitrator shall determine the admissibility, relevance, and materiality of the evidence offered and may exclude evidence deemed by the arbitrator to be cumulative or irrelevant.

    e.    The arbitrator may receive and consider the evidence of witnesses by declaration or affidavit, but shall give it only such weight as the arbitrator deems it is entitled to after consideration of any objection made to its admission.

    f.    The parties will not offer as evidence, and the arbitrator shall neither admit into the record nor consider, prior settlement offers by the parties or statements or recommendations made by a mediator or other person in connection with efforts to resolve the dispute being arbitrated, except to the extent that applicable law permits the admission of such evidence.

    g.    The parties may agree to have all or a portion of the hearings conducted telephonically or may agree to waive oral hearings in their entirety.

    h.    An arbitrator finding it necessary to make an inspection or investigation in connection with the arbitration shall direct ADR Services to so advise the parties. The arbitrator shall set the date and time and ADR Services shall notify the parties. Any party who so desires may be present at such an inspection or investigation. In the event that one or all parties are not present at the inspection or investigation, the arbitrator shall make an oral or written report to the parties and afford them an opportunity to comment.

    i.    The arbitrator may proceed with the hearing in the absence of a party who is bound to arbitrate, and who, after receiving a Notice of the Hearing, fails to attend. The arbitrator may not render an Award solely on the basis of the default or absence of the party, but shall require any party seeking relief to submit such evidence as the arbitrator may require for the rendering of an Award.

    j.    The arbitrator shall declare the hearing closed upon the determination that all relevant material evidence has been presented. The closing of the hearing may be delayed until such time as post-hearing briefs are submitted or closing arguments presented.

    k.    At any time before the Award is rendered, the arbitrator may re-open the hearing upon his or her own initiative or upon the application of a party for good cause. The time limits for rendering the Award will be extended accordingly, i.e. 30 days from the closing of the reopened hearing.

    l.    The parties may agree to waive the oral hearing and submit the dispute to the arbitrator for an Award based on written submissions and other evidence as the parties may agree.

## 27. The Award

    a.    The Award shall be made within a reasonable time by the arbitrator, or within the time agreed to by the parties, or specified by law. The arbitrator may choose to keep the hearings open to accept post hearing briefs, issue interim Awards, or for any other reason.

    b.    Where a panel of arbitrators has heard the dispute, the decision and Award of a majority of the panel shall constitute the arbitration Award and shall be binding on the parties.

    c.    The Arbitrator is required to render a written, reasoned Award enumerating the disposition of each claim and the relief, if any, as to each claim. The Award must be signed by the Arbitrator and served on the parties. Service should be made by certified mail.

    d.    The arbitrator may grant any remedy or relief that the arbitrator deems just and equitable and within the scope of the agreement of the parties, including, but not limited to, specific performance of a contract or in addition to a final Award, the arbitrator may make other decisions, including interim, interlocutory, or partial rulings, orders, and Awards. In any interim, interlocutory, or partial Award, the arbitrator may assess and apportion the fees, expenses, and compensation related to such Award as the arbitrator determines is appropriate.

    e.    Within ten (10) calendar days after service of a signed copy of the Award, any party may serve upon the other parties and on ADR Services a request that the arbitrator correct any computational, typographical or other error in an Award. The Arbitrator may also initiate the process to correct errors in the Award. A party opposing such correction shall have ten (10) calendar days in which to file any objection. The arbitrator is not empowered to reconsider the merits of any claim already decided. The corrected Award shall be served upon the parties in the same manner as the Award. The Award is considered final, for purposes of a judicial proceeding to enforce, modify or vacate the Award, twenty (20) calendar days after service is deemed effective if no request for a correction is made, or as of the effective date of service of a corrected Award.

    f.    If the parties settle their dispute during the course of the arbitration and if the parties so request, the arbitrator may set forth the terms of the settlement in a "consent Award."

    g.    ADR Services shall, upon the written request of a party, furnish to the party, at the party's expense, certified copies of any papers in ADR Services' possession that may be required in judicial proceedings relating to the arbitration.

### 28. Confidentiality and Privacy

The case manager and the arbitrator shall maintain the confidential nature of the arbitration proceeding and the Award unless otherwise required by law or judicial decision. The arbitrator may issue orders to protect the confidentiality of proprietary information, trade secrets or other sensitive information. The arbitrator has the sole discretion to prevent certain non-parties to the arbitration from attending all or part of the hearings.

### 29. Waiver of Rules

Any party who proceeds with the arbitration after knowledge that any provision or requirement of these rules has not been complied with and who fails to state an objection in writing shall be deemed to have waived the right to object. If any party becomes aware of information that could be the basis of a challenge for cause to the continued service of the arbitrator, such challenge must be made promptly, in writing, to ADR Services. Failure to do so shall constitute a waiver of any objection to continued service by the arbitrator.

### 30. Exclusion of Liability

No judicial proceeding by a party relating to the subject matter of the arbitration shall be deemed a waiver of the party's right to arbitrate. Parties to an arbitration under these rules shall be deemed to have consented to that judgment upon the arbitration Award that may be entered in any federal or state court having jurisdiction thereof. Neither ADR Services nor any arbitrator shall be liable to any party for any act or omission in connection with any arbitration conducted under these rules.

The parties may not call the arbitrator, the case manager or any other ADR Services employee or agent as a witness or as an expert in any pending or subsequent litigation or other proceeding involving the parties and relating to the dispute that is the subject of the arbitration. The arbitrator, case manager and other ADR Services employees and agents are also incompetent to testify as witnesses or experts in any such proceeding. The parties shall defend and/or pay the cost (including any attorneys' fees) of defending the arbitrator, case manager and/or ADR Services from any subpoenas from outside parties arising from the arbitration.

### 31. Sanctions

The arbitrator may order appropriate sanctions for failure of a party to comply with his/her/its obligations under any of these rules. These sanctions may include, but are not limited to, assessment of costs,

exclusion of certain evidence, or in extreme cases ruling adversely on an issue submitted to arbitration against the party who has failed to comply.

### 32. Filing Fees

ADR Services has a nonrefundable initial filing fee of $300. The filing fee is due upon filing of the arbitration.

### 33. Expenses

The expenses of witnesses for either side shall be paid by the party producing such witnesses. All other expenses of the arbitration, including required travel and other expenses of the arbitrator, and any witness and the cost of any proof produced at the direct request of the arbitrator, shall be borne equally by the parties, unless they agree otherwise or unless the arbitrator in the Award assesses such expenses or any part thereof against any specified party or parties.

### 34. Neutral Arbitrator's Compensation

Arbitrators are compensated for all time spent working on the arbitration including, but not limited to, preparation and study, conducting the hearing, and deliberation and drafting of the Award. Arbitrators shall be compensated at a rate consistent with the arbitrator's stated rate of compensation. Any arrangement for the compensation of a neutral arbitrator shall be made through ADR Services and not directly between the parties and the arbitrator.

### 35. Payment of Fees

The Parties are jointly and severally liable for the payment of the fees and expenses of ADR Services. ADR Services requires that the parties deposit the fees and expenses for the arbitration at least thirty (30) days in advance of the first hearing and may preclude a party that has failed to deposit its pro-rata or agreed-upon share of the fees and expenses from offering evidence of any affirmative claim at the hearing. The arbitrator may in the Award assess such fees and expenses or any part thereof against any party. In the event that one party has not appeared and the other party has paid the full amount of the fees, upon request the arbitrator shall award the defaulting party's share of the fee obligation against it and in favor of the party that has paid. In addition, the arbitrator may award against any party any costs or fees that the party owes with respect to the arbitration.

If arbitrator compensation has not been paid in full in advance, ADR Services may so inform the parties in order that one of them may advance the required payment. If such payments are not made, the arbitrator may order the suspension or termination of the proceedings. Although ADR Services will make an estimate of the time necessary to be billed in the first statement, additional time may be billed as used. Payment accounts of the parties must be kept current, and ADR Services reserves the right to hold the Award until all fees due and owing has been paid.  Entities whose interests are not adverse with respect to the issues in dispute shall be treated as a single party for purposes of ADR Services' assessment of fees. ADR Services shall determine whether the interests between entities are adverse for purpose of fees, considering such factors as whether the entities are represented by the same attorney and whether the entities are presenting joint or separate positions at the arbitration.