JAMES D. BOYLE, ESQ.
Nevada Bar No. 08384
HOLLEY DRIGGS WALCH FINE WRAY PUZEY & THOMPSON
400 South Fourth Street, Third Floor
Las Vegas, Nevada 89101
Telephone: 702-791-0308
Facsimile: 702-791-1912
Email: jboyle@nevadafirm.com

VALENTIN D GURVITS (*pro hac vice application forthcoming*)
MATTHEW SHAYEFAR (*pro hac vice application forthcoming*)
BOSTON LAW GROUP, PC
825 Beacon Street, Suite 20
Newton Centre, Massachusetts 02459
Telephone: 617-928-1804
Facsimile: 617-928-1802
Email: vgurvits@bostonlawgroup.com
Email: matt@bostonlawgroup.com

EVAN FRAY-WITZER (*pro hac vice application forthcoming*)
CIAMPA FRAY-WITZER, LLP
20 Park Plaza, Suite 505
Boston, Massachusetts 02116
Telephone: 617-426-0000
Facsimile: 617-507-8043
Email: evan@CFWLegal.com

*Attorneys for Defendants*

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| AMA MULTIMEDIA, LLC, a Nevada limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>BORJAN SOLUTIONS, S.L. d/b/a SERVIPORNO, a Spanish company; and BORJAN MERA URRESTARAZU, an individual,<br><br>Defendants. | Case No. 2:15-cv-01673-JCM-(GWF)<br><br>**DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION TO COMPEL ARBITRATION** |

**INTRODUCTION**

Having first filed a complaint in which it attempted to actively ignore the provisions of an admittedly enforceable arbitration agreement into which it had entered, Plaintiff AMA Multimedia LLC ("AMA"), has now done an about-face, seeking to "compel" the Defendants (who first raised the issue in their Motion to Dismiss the original complaint) (Dkt. No. _) to submit the claims raised by AMA to binding arbitration.

Putting aside the incongruity of AMA's attempt to "compel" the parties who insisted that the claims could only proceed (if at all) through arbitration, the Parties all now seem to be in agreement that: (1) the parties voluntarily entered into a settlement agreement, (2) the settlement agreement contains a binding arbitration clause, and (3) the binding arbitration clause covers all of the claims raised in the Plaintiff's complaint.

There is no disagreement, then, that the Plaintiff's complaint should be dismissed and the matter referred to binding arbitration. There are, however, two crucial points on which the Parties *do* still disagree, requiring the Court's intervention:

(1) contrary to the controlling case law (and the very text of the Federal Arbitration Act), the Plaintiff insists that this Court (and not the arbitrator) should decide whether AMA has met the conditions precedent to its filing for arbitration; and

(2) the Plaintiff claims that it may unilaterally insist on the arbitration panel of its choice, as opposed to submitting the matter to a national provider such as JAMS or the American Arbitration Association.

Accordingly, while the Defendants agree that the Plaintiff's Amended Complaint should be dismissed in favor of binding arbitration, they respectfully request that the order issued by this Court: (1) make clear to the arbitrator that this Court has ***not*** ruled or expressed any position

concerning the question of whether AMA has met the conditions precedent to its filing for arbitration, and (2) instruct the Plaintiff that, if it chooses to initiate arbitration, it must do so with either JAMS or the AAA. In support of this Response, the Defendants state as follows.

## LEGAL ARGUMENT

I. ANY ORDER FROM THIS COURT SHOULD MAKE CLEAR THAT THE COURT HAS *NOT* DECIDED THE QUESTION OF WHETHER AMA HAS MET THE CONDITIONS PRECEDENT AND THAT THE ARBITRATORS MUST DECIDE THAT ISSUE IN THE FIRST INSTANCE.

Contrary to the weight of all applicable case law – and the text of the Federal Arbitration Act itself – AMA insists that this Court should decide the question of whether the conditions precedent to the initiation of arbitration have been met. *Plaintiff's Motion,* pp. 10. More specifically, AMA claims that the resolution of this issue is the same as a determination of arbitrability, which *is* ordinarily left to the Court unless the parties have clearly indicated a contrary intent. AMA has, however, completely misunderstood the scope of the question reserved for the Court.

The gateway question of arbitrability to which AMA refers is simply the two-part inquiry that a Court faced with a Motion to Compel Arbitration must resolve, namely: (1) whether a valid agreement to arbitrate exists and, if it does, (2) whether the agreement encompasses the dispute at issue." *Kilgore v. KeyBank, N.A.,* 673 F.3d 947, 955-56 (9th Cir. 2012) (*quoting Chiron Corp. v. Ortho Diagnostic Sys., Inc.*, 207 F.3d 1126, 1130 (9th Cir. 2000)) (internal citation omitted); *see also Telepet USA, Inc. v. Qualcomm Inc.,* 2015 U.S. Dist. LEXIS 159368, *4 (D. Nev. Nov. 24, 2015) ("[A] district court's role is limited to determining (1) whether a valid agreement to arbitrate exists and, if it does, (2) whether the agreement encompasses the dispute at issue."); *Rodriguez v. AT&T Services, Inc.,* 2015 U.S. Dist. LEXIS 142398, *9 (D.

3

1 Nev. Oct. 20, 2015) (same); *Cardiovascular Biotherapeutics, Inc.*, 2015 U.S. Dist. LEXIS 20745, *6 (D. Nev. Feb. 19, 2015) (same).

Once the Court determines that the two factors have been satisfied, it is without discretion to proceed; the case *must* be dismissed in favor of an arbitral resolution. *See, e.g., Dean Witter Reynolds Inc. v. Byrd*, 470 U.S. 213, 218 (1985) ("By its terms, the Act leaves no place for the exercise of discretion by a district court, but instead mandates that district courts shall direct the parties to proceed to arbitration on issues as to which an arbitration agreement has been signed."); *Countrywide Home Loans, Inc. v. Mortgage Guaranty Insurance Co.*, 642 F.3d 849, 854 (9th Cir. 2011) ("[T]he Act leaves no place for the exercise of discretion by a district court, but instead mandates that district courts *shall* direct the parties to proceed to arbitration on issues as to which an arbitration agreement has been signed."); *KPMG LLP v. Cocchi*, 132 S. Ct. 23, 25-26 (2011) ("[T]he Act leaves no place for the exercise of discretion by a district court, but instead mandates that district courts *shall* direct the parties to proceed to arbitration on issues as to which an arbitration agreement has been signed.").

The question of whether a party has met the conditions precedent to arbitration, however, is not the same as the issue of arbitrability and, to the contrary, it is well established that the arbitrator, and not the court, must, in the first instance, resolve the issue of whether the requisite conditions precedent have been met. As the United States Supreme Court explained in *BG Group PLC v. Republic of Arg.*:

> [C]ourts presume that the parties intend arbitrators, not courts, to decide disputes about the meaning and application of particular procedural preconditions for the use of arbitration.... [T]hey include the satisfaction of "prerequisites such as time limits, notice, laches, estoppel, and other conditions precedent to an obligation to arbitrate." ... Revised Uniform Arbitration Act of 2000] §6(c) ("An arbitrator shall decide whether a condition precedent to arbitrability has been fulfilled") ... §6, Comment 2 (explaining that this rule reflects "the holdings of the vast majority of state courts" and collecting cases).

134 S. Ct. 1198, 1202, 1207 (2014); *see also, Howsam v. Dean Witter Reynolds*, 537 U.S. 79 (2002) ("The [Federal Arbitration Act], states that an 'arbitrator shall decide whether a condition precedent to arbitrability has been fulfilled'"); *Chorley Enters. v. Dickey's Barbecue Rests., Inc.*, 807 F.3d 553, 565 (4th Cir. 2015) ("As the Supreme Court has recently re-affirmed, however, arbitrators — not courts — must decide whether a condition precedent to arbitrability has been fulfilled."); *Joe v. Sec. Fin. Corp.*, 2014 U.S. Dist. LEXIS 68753 (D.S.C. May 20, 2014) ("[W]hether prerequisites such as time limits, notice, laches, estoppel, and other conditions precedent to an obligation to arbitrate have been met, are for the arbitrators to decide."); *Lumbermens Mut. Cas. Co. v. Broadspire Mgmt. Servs.*, 623 F.3d 476, 481 (7th Cir. 2010) ("[T]he adequacy of Lumbermens' Disagreement Notices is a procedural question about a condition precedent to arbitration under § 3.4 of the parties' agreement and is for the arbitrator to address.").

Because there is a significant danger that an arbitrator might misinterpret this Court's order that the parties proceed to arbitration as a decision on the merits of the question of whether the conditions precedent to arbitration have been satisfied, this Court's order should clarify that this Court has ***not*** ruled or expressed any position concerning the question of whether AMA has met the conditions precedent to its filing for arbitration.

II. THE COURT SHOULD REFER THE PARTIES TO A NATIONALLY RECOGNIZED ARBITRATION PROVIDER SUCH AS JAMS OR THE AAA.

The Parties agree also that: (1) the Settlement Agreement is silent as to the identity of the arbitration panel to which disputes should be submitted, and (2) this Court has the power to direct the parties to a specific arbitration panel. Although the Parties arrive at this conclusion from different directions, the result is the same. Plaintiffs cite *Gar Energy & Assocs. v. Ivanhoe Energy Inc.*, 2011 U.S. Dist. LEXIS 148424 (E.D. Cal. Dec. 23, 2011) - *a case in which the*

*Court appointed the AAA as the arbitration panel* - for the proposition that the Federal Arbitration Act allows the Court to name an arbitrator where the agreement is silent as to the identity of the panel. The Defendants do not disagree with this position and add also that, under basic contract law, the court should imply a reasonable term to effectuate the intent of the parties. *See, e.g., United States v. Clarke,* 1995 U.S. App. LEXIS 38850 (9th Cir. 1996) ("It is well settled that where no time for performance is established in the agreement, the law implies that performance must occur within a reasonable time."); *Goichman v. Rheuban Motors, Inc.,* 682 F.2d 1320, 1325 (9th Cir. 1982) ("Under general principles of contract law, where, as here, the parties make no express agreement on the contract price, the law implies an agreement for a reasonable price.").

AMA insists that it has the right to unilaterally dictate the arbitration panel to be used by the parties. It does not. Section 20, 1.1 of the Parties' Settlement Agreement provides that the "arbitration shall be conducted by a single arbitrator, knowledgeable in Internet and intellectual property disputes." Of the six Nevada-based neutrals listed at ADR Services, Inc.'s website (AMA's preferred provider), not one identifies Internet Law or Intellectual Property law as a specialty, concentration, or area of expertise. *See Exhibit 1.* Indeed, although ADR Services, Inc. advertises that it has a number of "Specialty Panels" in Nevada, these panels do not include arbitrators with a focus on Internet Law or Intellectual Property law. *See Exhibit 2.* In short, while ADR Service, Inc. may provide fine neutrals for *other* disputes, they do not provide *any* arbitrators whose qualifications match those required by the parties' agreement.

In contrast, at least eight (8) of JAMS' Nevada arbitrators identify intellectual property cases as part of their resumes, with five of those also discussing high technology-related (if not specifically internet cases) as well. *See Exhibit 3.* Indeed, both parties had previously identified

at least one of the JAMS arbitrators as being appropriate for this matter.[1] When the Parties could not agree on the specific JAMS mediator, AMA's counsel, Marc Randazza wrote:

> *If we can't agree, which it appears clear that we can't, we will just initiate the arbitration and we can do the old fashioned ranking game.*

*See Exhibit 4.*

In response, Defendants' counsel stated that they would be willing to arbitrate with JAMS and utilize a ranking system. In response, Attorney Randazza stated that, if AMA couldn't have its hand-picked JAMS arbitrator, it wouldn't agree to use JAMS at all. *See Exhibits 5* and *6*.

And, although, the AAA no longer appears to provide online access to its panel of neutrals, it is hard to imagine that the world's largest alternative dispute resolution service would not have qualified arbitrators available in Nevada. Accordingly, the Court should order that, if AMA chooses to pursue its claims in arbitration, that it do so with either JAMS or the AAA.

---

[1] Plaintiffs first proposed former Judge Philip M. Pro, now with JAMS. Defendants suggested instead former Judge Irma Gonzalez, also with JAMS, who has a particular emphasis on intellectual property cases. Both judges are listed on the JAMS website as arbitrating cases in Las Vegas. In rejecting Judge Gonzalez, Attorney Marc Randazza wrote:

> *Irma Gonzalez is not in Las Vegas, and is a lazy dipshit who I'm not about to agree to.*

> *What I like about Pro is that he became an arbitrator because he could not stand retirement. He works hard and will dig into the issues with the requisite attention. Gonzalez became a judge so that she could become an arbitrator and be lazy.*

> *If we can't agree, which it appears clear that we can't, we will just initiate the arbitration and we can do the old fashioned ranking game.*

*See Exhibit 4.* Defendants' counsel apologizes to the Court in advance for the inappropriate language quoted by Mr. Randazza, but notes that Mr. Randazza used that descriptor – not Defendants' counsel.

7

## **CONCLUSION**

For the reasons stated hereinabove, Defendants agree that the Plaintiff's complaint should be dismissed in favor of mandatory arbitration, with an order that specifies that:

(1) this Court has ***not*** ruled or expressed any position concerning the question of whether AMA has met the conditions precedent to its filing for arbitration, and

(2) the Plaintiff, if it chooses to initiate arbitration, must do so with either JAMS or the AAA.

A Proposed Order is attached hereto as *Exhibit 7*.

DATED this 25th day of January, 2016.

**HOLLEY DRIGGS WALCH FINE WRAY PUZEY & THOMPSON**

*/s/ James D. Boyle*
JAMES D. BOYLE, ESQ.
Nevada Bar No. 08384
400 South Fourth Street, Third Floor
Las Vegas, Nevada 89101

**CIAMPA FRAY-WITZER, LLP**

Evan Fray-Witzer, Esq. (*pro hac vice forthcoming*)
20 Park Plaza, Suite 505
Boston, Massachusetts 02116

**BOSTON LAW GROUP, PC**

Valentin Gurvits, Esq. (*pro hac vice forthcoming*)
Matthew Shayefar, Esq. (*pro hac vice forthcoming*)
825 Beacon Street, Suite 20
Newton, Massachusetts 02459

# CERTIFICATE OF SERVICE

Pursuant to Fed. R. Civ. P. 5(b), I certify that I caused the document entitled **DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION TO COMPEL ARBITRATION** to be electronically filed and served this 25th day of January, 2016 to the following:

| Attorneys of Record | Parties Represented | Method of Service |
|---|---|---|
| Marc J. Randazza, Esq.<br>Ronald D. Green, Esq.<br>Randazza Legal Group<br>3625 South Town Center Drive<br>Suite 150<br>Las Vegas, Nevada 89135<br>ecf@randazza.com | AMA Multimedia, LLC | ☐ Personal Service<br>■ Email/E-File<br>☐ Fax Service<br>☐ Mail Service |

DATED this 25th day of January, 2016.

_____
An Employee of Holley Driggs Walch Fine Wray Puzey & Thompson

9