RANDAZZA LEGAL GROUP, PLLC
Marc J. Randazza (NV Bar No. 12265)
Ronald D. Green (NV Bar No. 7360)
4035 S. El Capitan Way
Las Vegas, NV 89147
Telephone: 702-420-2001
Facsimile: 305-437-7662
ecf@randazza.com

*Attorneys for Plaintiff,*
*AMA Multimedia, LLC*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| AMA MULTIMEDIA, LLC, a Nevada limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>BORJAN SOLUTIONS, S.L. d/b/a SERVIPORNO, a Spanish company; and BORJAN MERA URRESTARAZU, an individual,<br><br>Defendants. | Case No.: 2:15-cv-01673-JCM-GWF<br><br>**REPLY IN SUPPORT OF MOTION TO COMPEL ARBITRATION** |

Plaintiff AMA Multimedia LLC ("AMA") hereby files its Reply in Support of Its Motion to Compel Arbitration (Doc. No. 10).

**MEMORANDUM OF POINTS AND AUTHORITIES**

**1.0    INTRODUCTION**

As established in Plaintiff's Motion to Compel Arbitration and Defendants' response thereto (Doc. No. 14), the parties at this point obviously wish to have this matter proceed to arbitration, as provided for in the settlement agreement. The only outstanding questions are what the Court should do to ensure that

arbitration actually occurs, and what should happen to this case during the pendency of arbitration.  The Court should require Defendants not to take any steps to intentionally frustrate arbitration, as they did when AMA initially filed its arbitration complaint with ADR Services, Inc.  Defendants are attempting to game the system by refusing to arbitrate and then calling foul when AMA attempts to avail itself of the only legal recourse left to it.  The Court should not be a pawn in this gamesmanship, and should order that this matter proceed to arbitration using either ADR Services, Inc., one of the arbitrators originally suggested by AMA, or one of the alternative arbitrators discussed in this Reply.

**2.0    FACTUAL BACKGROUND**

As explained in greater detail in AMA's Motion to Compel Arbitration, AMA attempted to go through the channels of negotiation, mediation, and arbitration as provided for in the settlement agreement.  (*See* Doc. No. 10 at 3-7.)  The parties' informal settlement negotiations went nowhere, and Defendants failed to participate in mediation in good faith by declining to provide a mediation statement or appear in person.  (*See id.* at 4.)  Then Defendants refused to consent to arbitration conducted by the eminently qualified Judge Phillip Pro (among others), falsely claiming that he was unqualified to arbitrate an intellectual property dispute.  (*See* Doc. Nos. 10-3 and 10-4.)  When AMA attempted to initiate arbitration despite Defendants' unwillingness to cooperate, Defendants were cagily uncommunicative with AMA's chosen arbitration service and violated ADR Services, Inc.'s rules by filing a motion to dismiss before any arbitration had formally begun. (*See* Doc. No. 10 at 6-7; *see also* Doc. No. 10-6 at ¶¶ 4, 7-10, 14; *and see* ADR Services Arbitration Rules, attached as **Exhibit 1**, at Rule 5(A)(2).)  These actions convinced ADR Services that Defendants would not consent to arbitration with them, and declined to take the case. (*See* Doc. No. 10-6 at ¶ 14.)

**3.0    LEGAL ANALYSIS**

The parties agree that this matter should proceed to arbitration. The Court must only decide who should conduct the arbitration and what should happen to this case during the pendency of arbitration.

**3.1    ADR Services, Inc., or One of the Arbitrators Originally Suggested by AMA, Should be Appointed as the Arbitration Provider or Arbitrator**

Pursuant to the Federal Arbitration Act, 9 U.S.C. § *4 et seq.* and the Convention on the Recognition and Enforcement of Foreign Arbitral Awards, Article II(3), per 9 U.S.C. ¶ § 206, this Court is empowered to appoint an arbitrator where the agreement is silent. *See* 9 U.S.C. §§ 5 & 206; *see also Gar Energy & Assocs. v. Ivanhoe Energy Inc.*, 2011 U.S. Dist. LEXIS 148424, *29 (E.D. Cal. Dec. 23, 2011) (recognizing that "under 9 USCS § 206, the Court has the authority to select an arbitrator for the parties"). Defendants agree with this position. (*See* Doc. No. 14 a 5-6.) But they do object for the first time as to the propriety of ADR Services, Inc. as the arbitration provider on the ground that it does not list arbitrators with particular qualifications in Internet and intellectual property law. (*See id*. at 6.)

This objection rings hollow, however, as Defendants already objected to AMA's suggestion of several arbitrators with unimpeachable qualifications in these areas. Philip M. Pro is a retired federal judge who oversaw dozens of intellectual property cases while on the bench, including cybersquatting and

copyright infringement disputes.[5] And Defendants' objection to him? That he did not have the "necessary IP background to properly understand this dispute." (Doc. No. 10-3.) As AMA informed Defendants over seven months ago, "to suggest that he is unqualified is not a well-founded objection." (*Id*.)

Defendants also rejected AMA's suggestion of Joseph Bongiovi and Ara Shirinian as mediators out of hand despite Mr. Bongiovi's firm explicitly stating experience in intellectual property mediations, early neutral evaluations, and arbitrations. (*See* "Practice Areas/Fees" page of Bongiovi Dispute Resolutions LLC web site, attached as **Exhibit 2**.)[6] Defendants objected to them because they insisted that any arbitration would have to be conducted by "a nationally recognized arbitration forum." (Doc. 10-4; *see also* Doc. No. 14 at 6.) This is not a requirement under the agreement, and frankly makes no sense. What difference does it make if an arbitrator is "recognized" in Maine or Alaska?

---

[5] A sampling of the Hon. Judge Pro's intellectual property decisions is as follows: *Ricks v. BMEzine.com, LLC*, 727 F. Supp. 2d 936 (D. Nev. 2010) (deciding cross motions for summary judgment in cybersquatting case); *Fifty-Six Hope Rd. Music, Ltd. v. A.V.E.L.A., Inc.*, 688 F. Supp. 2d 1148 (D. Nev. 2010) (deciding cross motions for summary judgment in case involving Lanham Act and right of publicity claims); *Menalco v. Buchan*, 2010 U.S. Dist. LEXIS 8042 (D. Nev. Feb. 1, 2010) (deciding cross motions for summary judgment in case involving trade secret claims); *Tiffany Design, Inc. v. Reno-Tahoe Specialty, Inc.*, 55 F. Supp. 2d 1113 (D. Nev. 1999) (deciding summary judgment motion in copyright infringement case); *Halo Elecs., Inc. v Pulse Elecs., Inc.*, 2013 U.S. Dist. LEXIS 84672 (D. Nev. June 17, 2013) (deciding motion for permanent injunction in patent infringement case); *Righthaven, LLC v. Hoehn*, 792 F. Supp. 2d 1138 (D. Nev. 2011) (deciding motion for summary judgment in copyright infringement case); *Germaine Music v. Universal Songs of Polygram*, 275 F. Supp. 2d 1288 (D. Nev. 2003) (deciding cross motions for summary judgment in copyright infringement case); *Montgomery v. e Treppid Techs, LLC*, 2007 U.S. Dist. LEXIS 20208 (D. Nev. Mar. 20, 2007) (deciding motion to dismiss in copyright infringement case); *V.C.X., Ltd. v. Burge*, 2006 U.S. Dist. LEXIS 88050 (D. Nev. Nov. 30, 2006) (deciding motion to dismiss in case involving trade secret claims); *Brady Indus., LLC v. Waxie's Enters.*, 2014 U.S. Dist. LEXIS 9714 (D. Nev. Jan. 21, 2014) (deciding cross motions for summary judgment in copyright infringement case); *Stewart v. Warner Bros. Entm't*, 2013 U.S. Dist. LEXIS 6636 (D. Nev. Jan. 15, 2013) (adopting magistrate's recommendations to dismiss trademark and copyright infringement claims); *Symbol Techs., Inc. v. Lemelson Med., Educ. & Research Found., L.P.*, 301 F. Supp. 2d 1147 (D. Nev. 2004) (deciding declaratory judgment case concerning validity of patents); *Herb Reed Enters. v. Monroe Powell's Platters, LLC*, 842 F. Supp. 2 1282 (D. Nev. 2012) (deciding motion for preliminary injunction in trademark infringement case); *Wintice Group, Inc. v. Longleg*, 2010 U.S. Dist. LEXIS 92261 (D. Nev. Sept. 3, 2010) (deciding summary judgment motion and motion for permanent injunction in Lanham Act case).

[6] Available at: http://bongiovi.com/practice-areasfees/ (last accessed Feb. 1, 2016).

1  What is "nationally recognized?"  Does it just mean that the opposing counsel
2  has heard of the particular arbitrator?  If "nationally recognized" has a definition
3  that we can even nail down, Bongiovi and Shirinian both fit the bill.  They are
4  both members of the National Academy of Distinguished Neutrals ("NADN"),
5  which is "nationally recognized."  (*See* Ara Shirinian profile on NADN web site,
6  attached as **Exhibit 3**;[7] *see also* Joseph Bongiovi profile on NADN web site,
7  attached as **Exhibit 4**.[8])

8  AMA is not insistent that ADR Services should be the provider (in fact,
9  Bongiovi seems a better fit), but ADR Services, Inc. qualifies as a "nationally
10 recognized" arbitration provider.  *See Nat'l Network of Accountants Inv.*
11 *Advisors, Inc. v. Gray*, 693 F. Supp. 2d 200, 201 (E.D.N.Y. 2010).  And contrary to
12 Defendants' assertion, there are arbitrators with this service located in Nevada
13 who have intellectual property expertise.  The Hon. Enrique Romero (Ret.) is listed
14 as an arbitrator on the Service's Nevada mediation and arbitration panel.  (*See*
15 ADR Service Services, Inc. list of arbitrators on Nevada Mediation & Arbitration
16 Panel, attached as **Exhibit 5**.)[9]  His *curriculum vitae* lists him as having experience
17 with intellectual property disputes.  (*See curriculum vitae* of Enrique Romero,
18 attached as **Exhibit 6**.)[10]

19 And beyond this, Defendants appeared before ADR Services in the
20 arbitration proceeding AMA attempted to initiate.  While Defendants made a
21 number of objections in their motion to dismiss that proceeding, they did not
22 object to the selection of ADR Services itself.  (*See* Doc. No. 10-8.)  They did not
23 file an objection pursuant to ADR Services Rule 11 that might have brought the

---

[7] Available at: http://www.nadn.org/PDF/Ara-Shirinian.pdf (last accessed Feb. 1, 2016).
[8] Available at: http://www.nadn.org/PDF/Joe-Bongiovi.pdf (last accessed Feb. 1, 2016).
[9] Available at: http://www.adrservices.org/pdf/JAMP%20(Vegas)%208.07.pdf (last accessed Feb. 1, 2016).
[10] Available at: http://www.adrservices.org/pdf/Romero,%20Enrique.pdf (last accessed Feb. 1, 2016).

- 5 -
Reply in Support of Motion to Compel Arbitration
2:15-cv-01673-JCM-GWF

question as to appointment of an arbitrator before the Court. (*See* Doc. No. 10-7 at 5.) They did not reserve an objection to ADR Services in the course of their participation. Contrast *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1277-1278 (9th Cir. 2006). Their current objections to ADR Services, Inc. as an arbitration provider are thus too little, too late; they have waived this argument by failing to raise it when they participated in the earlier arbitration.

Alternatively, if the Court does not feel that any of these arbitrators or providers are appropriate, AMA suggests that the Court refer this dispute to the Independent Film & Television Alliance ("IFTA") Panel of Arbitrators. (See IFTA web site page for IFTA Panel of Arbitrators, attached as **Exhibit 7**.)[11] Their provider in Las Vegas is Anat Levy, Esq. (*See* IFTA web site profile for Anat Levy, attached as **Exhibit 8**.)[12] Mr. Levy is highly qualified in intellectual property law, with a particular understanding of filmed audiovisual entertainment. (*See id*.) In fact, Ms. Levy appears to be the most eminently qualified arbitrator mentioned in this entire case, and Plaintiff would gladly accept her appointment to this matter.

AMA additionally requests an order from this Court that Defendants consent to the jurisdiction of the selected arbitrator or arbitration provider and not take steps to frustrate the arbitration process. This is precisely what Defendants did when AMA attempted to arbitrate this matter with ADR Services, and the Court should not allow Defendants to insist on arbitration while a lawsuit is pending, then asserting that arbitration is inappropriate when the matter is no longer before the Court.

---

[11] Available at: http://www.ifta-online.org/ifta-panel-arbitrators (last visited Feb. 1, 2016).
[12] Available at: http://www.ifta-online.org/sites/default/files/Levy_0.pdf (last visited Feb. 1, 2016).

**3.2   The Court Should Not Appoint JAMS or AAA as the Arbitration Provider, Generally for This Dispute**

Defendants content that the Court should appoint JAMS or the American Arbitration Association as the arbitration provider for the current dispute. (*See* Doc. No. 14 at 6.)  With the exception of Philip Pro, neither JAMS nor AAA are appropriate services to arbitrate this dispute.  First, although AAA is a large entity, it has no actual presence in Nevada. (*See* AAA web site "Contact Us" page, attached as **Exhibit 9**.)[14]  Moreover, as Defendants acknowledge, AAA does not publicly disclose who the potential arbitrators are; without this information, there is no evidence before the Court, only speculation, that AAA might provide arbitrators with the required expertise.  Further, AAA's rates and billings are notoriously high, and AMA should not be required to pay an excessive amount to vindicate its rights just because Defendants want it to.  (*See* "The Costs of Arbitration," PUBLIC CITIZEN (April 2002), attached as **Exhibit 10**, at 40-51 (and these rates have only increased since 2002.))[15]  Unfortunately, as with the identity of the arbitrators, AAA does not readily make available the rates of its arbitrators.  In contrast, ADR Services publishes its rates in an easily accessible location.  (*See* ADR Services, Inc. list of Nevada arbitrators with rates, attached as **Exhibit 11**.)[16]

Second, and similarly, the rates of JAMS arbitrators are not easily discoverable and are also notoriously high.  Further, rather than keep AMA's counsel's use of an expletive regarding a particular JAMS member private,

---

[14] Available at: https://www.adr.org/aaa/faces/s/contact/us?state=NV&name=Nevada&_afrLoop=69383781686768&_afrWindowMode=0&_afrWindowId=kv69ifzjw_248#%40%3F_afrWindowId%3Dkv69ifzjw_248%26_afrLoop%3D69383781686768%26state%3DNV%26name%3DNevada%26_afrWindowMode%3D0%26_adf.ctrl-state%3Dkv69ifzjw_292 (last visited Feb. 1, 2016)

[15] Available at: https://www.citizen.org/documents/ACF110A.PDF (last visited Feb. 1, 2016).

[16] Available at: http://www.adrservices.org/pdf/JAMP%20(Vegas)%20fees%208.07.pdf (last visited Feb. 1, 2016).

which could easily have been done through redaction, Defendants have chosen to poison the well, scattering it throughout the docket. (*See* Doc. No. 14 at 7 n.1; Doc. No. 14-4; Doc. No. 7 at 7; Doc. No. 7-1.)  It is reasonable to expect any JAMS arbitrator and staff might review the filings in this matter or, more likely, that Defendants would introduce them to JAMS.  This is likely to lead to bias by any JAMS arbitrator, even on a subconscious basis.[17]  Thus, to the extent JAMS might previously have been appropriate as a provider, it no longer is. Defendants' insistence on a JAMS arbitrator while simultaneously ensuring that almost any such arbitrator would be biased against AMA is rank gamesmanship – and quite childish and amateur gamesmanship at that.

### 3.3   This Matter Should Be Stayed Pending Arbitration

While this matter is arbitrated, this case should be stayed pursuant to 9 U.S.C. § 3; accord *Morris v. Morgan Stanley & Co.*, 942 F.2d 648, 653 (9th Cir. 1991).  Although the Court may dismiss the matter once there is a referral to arbitration, such a determination is discretionary.  *See Sparling v. Hoffman Constr. Co.*, 864 F.2d 635, 638 (9th Cir. 1988); *see also Kam-Ko Bio-Pharm Trading Co., Ltd. v. Mayne Pharma Inc.*, 560 F.3d 935, 940 (9th Cir. 2009).[18]  Defendants' contention that the Court *must* dismiss this case is simply incorrect, and none of the cases they cite support their argument as to the mandatory nature of dismissal in the face of arbitration.  To the contrary, Courts in this Circuit agree that a stay is mandatory.  *See SEIU, Local 707 v. Connex-ATC*, 2006 U.S. Dist. LEXIS 78606, *6 (N.D. Cal. Oct. 18, 2006) (stating that "pursuant to § 3 of the FAA, the court is required to **stay**, not dismiss, the action pending **arbitration**") (citing

---

[17] AMA is sufficiently familiar with the Hon. Judge Pro (Ret.) to know that this fact will not color his perception of any party to an arbitration proceeding.  It cannot say the same for any other JAMS arbitrator.

[18] Plaintiff recognizes the Ninth Circuit precedent that a stay is discretionary, but otherwise refers this Court to the recent Second Circuit decision discussing the mandatory nature of the stay. *See Katz v. Cellco P'ship*, 794 F.3d 341 (2d Cir. 2015).

*Morris v. Morgan Stanley & Co.*, 942 F.2d at 653-654.)  More recently, the Second Circuit confirmed the mandatory nature of the stay.  *Katz v. Cellco P'ship*, 794 F.3d 341 (2d Cir. 2015).

A stay is proper, given Defendants' failure to properly arbitrate previously and their efforts to take actions to divest courts of jurisdiction.  Undoubtedly, Plaintiff will need to seek confirmation of the award, and the retention of jurisdiction suits those purposes.  There is also a strong chance that, if arbitration does not fully resolve the matter and AMA is forced to bring this dispute to court once more, a dismissal of the case would impose the additional burden of requiring AMA to go through the long and costly process of serving Defendants via the Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters (the "Hague Service Convention") a second time.  Defendants, for their part, offer no argument as to why dismissal, rather than a stay, is appropriate, feigning unawareness that a stay is the norm.

## 4.0   CONCLUSION

The parties agree that this matter should proceed to arbitration.  The Court should recognize, however, that Defendants are playing games by refusing to arbitrate this dispute, then complaining that the dispute was not arbitrated when the matter is brought to court.  The Court should order that this matter proceed to arbitration conducted by one of the arbitrators mentioned in this Reply, order that Defendants not attempt to frustrate such arbitration, and stay this case during the pendency of such arbitration.

Dated this 1st day of February, 2016.

                            Respectfully Submitted,

                            /s/ Marc J. Randazza
                            Marc J. Randazza
                            Nevada Bar No. 12265
                            Ronald D. Green
                            Nevada Bar No. 7360
                            RANDAZZA LEGAL GROUP, PLLC
                            4035 S. El Capitan Way
                            Las Vegas, NV 89147
                            Tel: (702) 420-2001
                            Fax: (702) 420-2003
                            ecf@randazza.com

                            Case No. 2:15-cv-01673-JCM-GWF

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on February 1, 2016, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I further certify that a true and correct copy of the foregoing document being served via transmission of Notices of Electronic Filing generated by CM/ECF.

                            Respectfully Submitted,

                            Employee,
                            Randazza Legal Group, PLLC