UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| AMA MULTIMEDIA, LLC, | )<br>) |
| Plaintiff, | )<br>) Case No. 2:15-cv-01673-JCM-GWF |
| vs. | )<br>) **REPORT AND** |
| BORJAN SOLUTIONS, S.L., d/b/a SERVIPORNO, *et al.*, | ) **RECOMMENDATION**<br>)<br>)<br>) |
| Defendants. | )<br>) |

This matter is before the Court on Plaintiff's Motion to Compel Arbitration (#10), filed on January 6, 2016. Defendants filed their Response (#14) on January 25, 2016 and Plaintiff filed its Reply (#17) on February 1, 2016.

## BACKGROUND

The parties' dispute arises out of Defendants' alleged copyright infringement of Plaintiff's works. Plaintiff is a producer and distributer of adult-oriented films. Defendant owns and operates websites, which Plaintiff alleges were used to distribute Plaintiff's copyrighted works without permission. *See First Amended Complaint* (#9), at ¶ 1–3.

Prior to this lawsuit, Plaintiff's predecessor-in-interest, SSC Group, LLC, demanded that Defendants cease their copyright infringement on Defendants' website and failure to do so would force SSC Group, LLC to file claims against Defendants for that infringement. *Id.* at ¶¶ 13, 21, and 22. Thereafter, the parties entered into settlement negotiations which ultimately resulted in a Settlement Agreement and Mutual Release ("Agreement"). *Id.* at ¶ 24. As SSC Group, LLC's successor-in-interest, the Agreement applies with equal enforceability to Plaintiff. *See First Amended Complaint* (#9-2) at ¶ 11.0.

The Agreement contains a provision that provides:

> **Arbitration.** If a dispute arises between the Parties out of or otherwise relating to this Agreement, the parties shall first meet and negotiate in good faith to attempt to resolve the dispute. If, after meeting in person for informal negotiations, the Parties are unable to resolve the dispute, then either Party may demand that the dispute be submitted to formal mediation, to be held in Clark County, Nevada, in a convenient location agreed to by the Parties. The Parties agree to participate in mediation in a good faith attempt to resolve any and all disputes. The mediator shall be knowledgeable in Internet and intellectual property disputes. If the Parties are unable to resolve the dispute through direct negotiations and/or formal mediation, then, except as otherwise provided herein, either Party must submit the issue to binding arbitration in accordance with applicable Arbitration laws and statutes. Claims subject to arbitration ("Arbitral Claims") shall include, but are not limited to contract, tort and intellectual property claims of all kinds, and all claims based on any federal, state or local law, statute, or regulation, excepting only claims seeking injunctions, attachment, garnishment, and other equitable relief. The arbitration shall be conducted in Clark County, Nevada, in a convenient location agreed to by the parties, or absent such agreement, selected by the Arbitrator. The arbitration shall be conducted by a single arbitrator, knowledgeable in Internet and intellectual property disputes. The arbitrator shall be willing to execute an oath of neutrality. The arbitration proceedings shall be confidential.

*Id.* at ¶ 20.1.

Plaintiff asserts that a year after execution of the Agreement, Defendants once again began to infringe on Plaintiff's copyrighted work. *First Amended Complaint* (#9) at ¶ 27. On December 23, 2014, Plaintiff sent Defendants a cease and desist letter pursuant to paragraph 3.1 of the Agreement. *Id.* at ¶ 35. Thereafter, and pursuant to the Agreement, Plaintiff scheduled informal negotiations to occur in Las Vegas, Nevada on January 23, 2015. *Id.* at ¶ 81. However, these negotiations were unsuccessful. Following Plaintiff's attempts at informal negotiations, Plaintiff scheduled a formal mediation pursuant to paragraph 20.1 of the Agreement. This mediation was held on May 21, 2015 but failed to result in a resolution. *Id.* at ¶ 82. Plaintiff asserts that Defendants failed to participate in good faith during this mediation because they did not appear in person and refused to provide a mediation statement to the mediator. *Id.* at ¶ 83. Subsequently, Plaintiff attempted to initiate arbitration of this matter pursuant to paragraph 20.1 of the Agreement, first by asking Defendants to agree to an arbitrator and when that failed, Plaintiff unilaterally filed an arbitration complaint with ADR Services, Inc. on August 3, 2015. *Id.* at ¶ 84, 85, 88, and 89.

Defendants responded to Plaintiff's arbitration complaint by filing a "Motion to Dismiss Arbitration for Complainant's Failure to Meet Conditions Precedent to the Filing of Arbitration and For Award of Contractual Attorneys' Fees." *Id.* ¶ 96.  As a result, ADR Services, Inc. informed Plaintiff that it could not take the matter. *Id.* ¶ 99.  Therefore, Plaintiff asserts that it was left with no other avenue but for this Court in which to assert its claims against Defendants.  Plaintiff now requests that this matter be compelled to arbitration pursuant to the Agreement.

# DISCUSSION

## I. Jurisdiction

### A. Magistrate Judge Jurisdiction

As an initial matter, the Court must examine whether a motion to compel arbitration is "dispositive" or "non-dispositive" within the meaning of Rule 72 of the Federal Rules of Civil Procedure pursuant to Local Rule IB 1-1.  In this district, United States magistrate judges are authorized to exercise all powers and duties conferred or imposed by 28 U.S.C. § 636(a).  Further, magistrate judges may hear and finally determine any pretrial matter not specifically enumerated as an exception in 28 U.S.C. § 636(b)(1)(A).  A motion to compel arbitration is not specifically enumerated as an exception.

The Ninth Circuit has not determined whether a motion to compel is a dispositive motion and, if so, could properly be heard and decided by a magistrate judge.  There is also a split of authority among the district courts.  Some courts have held that a motion to compel arbitration is a dispositive motion. *See, e.g.*, *Leal v. Chapman Chevrolet, L.L.C.*, 2006 U.S. Dist. LEXIS 38586, at *3 (D.Ariz. June 9, 2006) (stating that "a motion to compel arbitration, even a stipulation to such, may be deemed a dispositive motion, as a motion to remand is"); *Flannery v. Tri-State Div.*, 402 F.Supp.2d 819, 821 (E.D.Mich. 2005) (holding that an order compelling arbitration is a dispositive motion because it "has the practical effect of allowing the case to proceed in a different forum"); *Amisil Holdings Ltd. v. Clarium Capital Management*, 622 F.Supp.2d 825 (N.D.Cal. 2007) (noting a conflict of authority and issuing a report and recommendation in an abundance of caution).  Other courts, however, have found that a motion to compel arbitration is a non-dispositive pretrial matter which may be heard and finally decided by a magistrate judge. *See, e.g., Gonzalez v. GE Group*

1  *Adm'rs, Inc.*, 321 F.Supp.2d 165, 166–67 (D.Mass. 2004) (noting that orders to stay proceedings
2  pending arbitration and to compel arbitration are non-dispositive orders); *Herko v. Metropolitan Life*
3  *Insurance Co.*, 978 F.Supp. 141, 142 n. 1 (W.D.N.Y. Jan. 29, 1997) (concluding that a motion to
4  compel arbitration is not a dispositive motion because "the FAA provides that there is not final
5  exercise of Article III power until after arbitration is complete and the arbitrator's decision is either
6  affirmed, modified, or vacated by the district court judge where the actions remain lodged").  Since
7  the Ninth Circuit has not yet determined this issue, the Court will treat Plaintiff's Motion to Compel
8  Arbitration (#10) as a dispositive motion and issue a report of findings and recommendations
9  subject to *de novo* review pursuant to 28 U.S.C. § 636(b)(1)(C).

### B.  Motion to Compel Arbitration

The Federal Arbitration Act ("FAA"), 9 U.S.C. § 2 *et. seq.*, generally applies to individual employment contracts, agreements to arbitrate, and arbitration clauses such as the one at issue in this dispute.  *Circuit City Stores, Inc. v. Adams*, 532 U.S. 105, 109 (2001).  However, the arbitrability of a particular issue turns on principles of contract interpretation because " 'a party cannot be required to submit to arbitration any dispute which he has not agreed so to submit'."  *Three Valleys Mun. Water Dist. v. E.F. Hutton & Co.*, 925 F.2d 1136, 1142 (9th Cir. 1991) (quoting *AT&T Techs., Inc. v. Commc'ns Workers*, 475 U.S. 643, 648 (1986)).  "Indeed, as a matter of federal arbitration law, a court may not compel arbitration until it is 'satisfied that the making of the agreement for arbitration or the failure to comply therewith is not in issue.'"  *Jackson v. Rent-A-Center West, Inc.*, 581 F.3d 912, 916 (9th Cir. 2009) (quoting 9 U.S.C. § 4).  Nonetheless, the FAA "establishes a national policy favoring arbitration when the parties contract for that mode of dispute resolution," *Preston v. Ferrer*, 552 U.S. 346, 349 (2008), "notwithstanding any state substantive or procedural policies to the contrary."  *Moses H. Cone Mem'l Hosp v. Mercury Const. Co.*, 460 U.S. 1, 24 (1983).  The preference for arbitration is so strong that the U.S. Supreme Court has directed the district courts to liberally construe any contractual language pertaining to arbitration and resolve "any doubts concerning the scope of arbitrable issues ... in favor of arbitration."  *Mercury Const. Co.*, 460 U.S. at 24–25.

. . .

In addressing a motion to compel arbitration, a district court is required to determine: "(1) whether a valid agreement to arbitrate exists, and if it does, (2) whether the agreement encompasses the dispute at issue." *Chiron Corp. v. Ortho Diagnostic Sys.*, 207 F.3d 1126, 1130 (9th Cir. 2000). "If the response is affirmative on both counts, then the Act requires the court to enforce the arbitration agreement in accordance with its terms." *Id.* The FAA "leaves no place for the exercise of discretion by a district court, but instead mandates that district courts shall direct the parties to proceed to arbitration on issues as to which an arbitration agreement has been signed." *Dean Witter Reynolds, Inc. v. Byrd*, 470 U.S. 213, 218 (1985). Here, the Court finds, and the parties agree, that a valid agreement to arbitrate exists and that agreement encompasses the dispute at issue in this matter.

Plaintiff and Defendants, however, do disagree about the disposition of the case pending before the Court. Plaintiff argues that this matter should be stayed pending the resolution of the arbitration due to Defendants' prior history of failing to properly arbitrate this matter. *Motion to Compel* (#10). Under the FAA, 9 U.S.C. § 3, ... ...

> [i]f any suit or proceeding be brought in any of the courts of the United States upon any issue referable to arbitration under an agreement in writing for such arbitration, the court in which such suit is pending, upon being satisfied that the issue involved in such suit or proceeding is referable to arbitration under such an agreement, shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement, providing the applicant for the stay is not in default in proceeding with such arbitration.

Courts are therefore directed to grant a stay when they determine a claim is to be arbitrated. *Britton v. Co-op Banking Group*, 916 F.2d 1405, 1412 (9th Cir. 1990). However, courts are not limited to granting a stay pending arbitration, but may *sua sponte* dismiss a case if all claims are subject to the arbitration agreement. *Sparling v. Hoffman Constr. Co., Inc.*, 864 F.2d 635, 638 (9th Cir. 1988). Here, the Agreement (#9-2) entered into by the parties specifically enumerates the claims subject to arbitration: "Claims subject to arbitration [...] shall include, but are not limited to contract, tort and intellectual property claims of all kinds, and all claims based on any federal, state or local law, statute, or regulation, excepting only claims seeking injunctions, attachment, garnishment, and other equitable relief." Plaintiff's First Amended Complaint (#9) asserts claims of

copyright infringement, breach of contract, and a violation of a federal statute —all matters contemplated by the Agreement.  However, the Court will recommend that this matter be stayed pending arbitration.  Plaintiff alleged that Defendants have previously failed to properly arbitrate this matter and have taken actions to divest courts of jurisdiction.  *See Reply* (#17).  As such, it appears appropriate to allow the present action to remain pending before the Court so that the Parties may return if arbitration remains unsuccessful.

Pursuant to the FAA, the Court is empowered to appoint an arbitrator where the agreement is silent.  *See* 9 U.S.C. §§ 5 and 206; *see also Gar Energy & Assocs. v. Ivanhoe Energy Inc.*, 2011 U.S. Dist. LEXIS 148424, *29 (E.D.Cal. Dec. 23, 2011)(noting that "under 9 USCS § 206, the Court has the authority to select an arbitrator for the parties").  Here, Plaintiff and Defendants request the Court determination's who shall arbitrate this matter as the Agreement is silent.  Plaintiff represents that the Court should appoint either ADR Services, Inc., the Independent Film and Television Alliance Panel of Arbitrators, or one of the arbitrators Plaintiff previously suggested to Defendants.  *See Motion to Compel* (#10).  Specifically, in a letter dated June 26, 2015, Plaintiff's counsel suggested three individuals that may be appropriate arbitrators namely, the Honorable Philip Pro, Ara Shirinian, and Joseph Bongiovi.  *Id.* at Ex. 3.  Defendants requests the Court refer the parties to a nationally recognized arbitration provider such as JAMS or the American Arbitration Association ("AAA").  *See Response* (#14).  The Honorable Philip Pro is an arbitrator associated with JAMS.  Thus, the Court recommends that the Honorable Philip Pro be selected to arbitrate this matter.

Lastly, Defendants request the Court make clear that it has not ruled or expressed any position concerning whether Plaintiff has satisfied the conditions precedent to its filing for arbitration.  *See Response* (#14).  Defendants represent that this decision ultimately rests with the arbitrator.  The Court agrees.  The question of whether a party has met the conditions precedent to arbitration is reserved for a decision by the arbitrator.  *See Howsam v. Dean Witter Reynolds*, 537 U.S. 79 (2002); *See Group PLC v. Republic of Arg.*, 134 S.Ct. 1198 (2014) (quoting the Revised Uniform Arbitration Act of 2000 § 6(c), Comment 2 which states that "[a]n arbitrator shall decide whether a condition precedent to arbitrability has been fulfilled").  Accordingly,

. . .

### RECOMMENDATION

**IT IS HEREBY RECOMMENDED** that Plaintiff's Motion to Compel Arbitration (#10) be **granted** and that this matter be stayed pending resolution of arbitration.

**IT IS FURTHER RECOMMENDED** that the Honorable Philip Pro be selected to arbitrate this matter.

### NOTICE

Pursuant to Local Rule IB 3-2, any objection to this Finding and Recommendation must be in writing and filed with the Clerk of the Court within fourteen (14) days. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst,* 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).

DATED this 8th day of February, 2016.

*/s/ George Foley Jr.*
GEORGE FOLEY, JR.
United States Magistrate Judge